[Cite as *Steiger v. Ohio Dept. of Transp.*, 2011-Ohio-3772.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL P. STEIGER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION, DIST. 11

    Defendant

   Case No. 2010-11323-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} On October 2, 2010, at approximately 10:00 a.m., plaintiff, Michael P. Steiger, was traveling north on Interstate 77 approaching Route 36 in Tuscarawas County, when his automobile struck a "piece of concrete sticking up" in the traveled portion of the roadway. The cement piece caused tire and rim damage to plaintiff's vehicle.

{¶ 2} Plaintiff filed this complaint seeking to recover $541.84, his costs for automotive repair. Plaintiff asserted that he sustained these damages as a result of negligence on the part of defendant, Ohio Department of Transportation (ODOT), in maintaining the roadway. The filing fee was paid.

{¶ 3} Defendant has denied liability based on the fact that it had no knowledge "of the pothole on I-77 prior to plaintiff's incident." Defendant related that ODOT's investigation documents that the location of the roadway defect "would be at state

milepost 64.8 or county milepost 4.82 on I-77 in Tuscarawas County." Defendant denied receiving any prior calls or complaints about a pothole in the vicinity of that location despite the fact that "[t]his section of roadway has an average daily traffic count" of over 10,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that any pothole existed in the vicinity of milepost 64.8 on I-77 prior to plaintiff's incident. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 4} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Tuscarawas County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no roadway defect was discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to October 2, 2010. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove that his property damage was attributable to any conduct on the part of ODOT personnel. Defendant asserted that "the roadway was in relatively good condition at the time of plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that no (0) pothole patching operations were conducted in the general vicinity of northbound I-77." Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 5} Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the

case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the roadway defect on I-77 prior to the morning of October 2, 2010.

{¶ 9} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 10} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept.*

*of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 11} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including defects plaintiff must prove that either: 1) defendant had actual or constructive notice of the defect and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the roadway defect.

{¶ 12} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL P. STEIGER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-11323-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Michael P. Steiger
1559 Groton Drive
Hudson, Ohio  44236

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
3/17
Filed 4/13/11

Sent to S.C. reporter 7/29/11